The opinions delivered, sufficiently shew the facts in this case.
Kirkpatrick C. J.
This is an action of trespass on the case. The plaintiff in his state of demarid, alleges that the defendants, in consideration that he would let them have his riding chair, to go a certain journey, undertook that they would not employ it for any other or different journey, and that they would use it with moderation and care; and that thereupon he did let them have his said chair, to be returned the next morning at eight o’clock ; yet that the said defendants, not regarding their undertaking, but contriving to injure him in his property, did go a different journey, and in performing the same, did wilfully, carelessly, and improperly break the said chair, in different parts, so that it was greatly lessened in its value, to his damage, 100 dollars.
It was pleaded on the trial, and admitted by the plaintiff, that the defendants were infants, and upon that ground, it was moved by their guardian, that the plaintiff be nonsuited. And the question is, whether the defendants, being infants, are liable in this action.
*The general principle is, that infants are not capable of making contracts, and that therefore, they are not liable upon such contracts, unless for necessaries; but that for actual torts, trespass, &e. which are vi et amis, they are liable; and the reason is, that those latter are, in contemplation of law, always aecomjtanied with :a breach of the peace.
Now, this state of demand, has nothing in it, but the charge of a direct contract, and the violation of that *98 contract. They contracted, or promised (for it seems to but a mere lending, as they were to pay nothing) to employ the chair in going a certain journey, to use it with moderation and care, and to return it at a certain time, and they violated this promise in every particular. This is the substance of the thing. The words, contriving to injure, &c. are mere matter of form, no doubt cunningly introduced to avoid this plea, but they do not vary the true nature of the case. It is still no trespass with force, it is no violation of the public peace. With all the hard names that can be heaped upon it, it is still but the violation of an express contract, into which, from their infancy, they could not enter.
It is as if the keeper of a livery stable, or public inn, whose business and occupation it is, to let horses and carriages to hire, had very inconsiderately and very improperly, lent his chair to two giddy boys, and they in their glee had broken it to pieces. It was his own fault. The law affords him no remedy. Nay, indeed, the cause of complaint is on the other side, it is in the mouth of the parents or guardians.
Southard J.
That infants are not liable upon contracts, is too well established to admit of argument; but it has been attempted to shew, that this is a case, not of contract, but of tort. The distinction cannot be supported. There is no one circumstance, which differs it from an ordinary contract. The plaintiff states the terms of the bargain, which he made, and then complains that each and every part of that bargain, was broken by them. There is no pretence, even of fraud, in making or breaking the contract. Iiis action cannot be supported ; the jury ought not to have been permitted, without a charge to the contrary, to find such a verdict as they have done. Contracts must not be converted into torts in these cases, by the mere will of the plaintiff. *The case in 8 T. R. 335, Jennings v. Rundall, is not authority here ; but it is in all respects similar to the present,-and the law is there laid down with clearness and correctness.
Judgment reversed unanimously.